AO 241
(Rev. 01/15)

Page 2

## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
## HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District: Northern District of NY | |
|---|---|---|
| Name (under which you were convicted):<br>DANIEL D. STAHL | Docket or Case No.: | |
| Place of Confinement :<br>WENDE CORRECTIONAL FACILITY | Prisoner No.:<br>12-A-2269 | |
| Petitioner (include the name under which you were convicted)<br><br>DANIEL D. STAHL | v. | Respondent (authorized person having custody of petitioner)<br><br>SUPERINTENDENT OF WENDE CORRECTIONAL<br>FACILITY |
| The Attorney General of the State of: NEW YORK | | |

## PETITION

1.  (a) Name and location of court that entered the judgment of conviction you are challenging:

    County of Essex County Court, Elizabethtown, New York 12932

    (b) Criminal docket or case number (if you know):   Incictment No. 11-036-I

2.  (a) Date of the judgment of conviction (if you know): 05/17/2012

    (b) Date of sentencing:   05/17/2012

3.  Length of sentence:   12 year determinate with 10 years post release supervision

4.  In this case, were you convicted on more than one count or of more than one crime?   ☑ Yes   ☐ No

5.  Identify all crimes of which you were convicted and sentenced in this case:

    Rape in the First Degree and Sexual Abuse in the First Degree

6.  (a) What was your plea? (Check one)

    ☑ (1)  Not guilty          ☐ (3)  Nolo contendere (no contest)

    ☐ (2)  Guilty              ☐ (4)  Insanity plea

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?  n/a

_____

_____

_____

_____

_____

(c) If you went to trial, what kind of trial did you have? (Check one)

☐ Jury    ☑ Judge only

7.    Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☐ Yes    ☑ No

8.    Did you appeal from the judgment of conviction?

☑ Yes    ☐ No

9.    If you did appeal, answer the following:

(a) Name of court:    New York State Supreme Court, Appellate Division, Third Department

(b) Docket or case number (if you know):    AD #107292 / 107363

(c) Result:    Affirmed

(d) Date of result (if you know):    06/12/2016

(e) Citation to the case (if you know):    People v. Stahl, 141 A.D.3d 962 [3rd Dept. 2016]

(f) Grounds raised:  SEE ATTACHED * (see attached Appellant's Briefs)

_____

_____

_____

_____

_____

_____

(g) Did you seek further review by a higher state court?    ☑ Yes    ☐ No

If yes, answer the following:

(1) Name of court:    New York State Court of Appeals

(2) Docket or case number (if you know):

(3) Result:    Leave to appeal denied

(4) Date of result (if you know):    12/02/2016

**(Attachment for Page 3, question 9-e)**

1) Whether appellant was denied his right to appear and testify at the Grand Jury?

2) Whether the prosecutor's lack of fair dealing undermined the integrity of the Grand Jury Proceeding?

3) Whether the police stop of appellant's vehicle was improper?

4) Whether the trial court erred in allowing evidence of prior uncharged crimes to be introduced?

5) Whether appellant was denied his right to confront the witnesses against him when the trial court admitted the DNA Reports?

6) Whether the evidence was legally sufficient to support the verdict?

7) Whether appellant's conviction was contrary to the weight of the evidence?

8) Whether appellant was denied due process of law as a result of prosecutorial misconduct?

9) Whether appellant was provided the effective assistance of counsel?

10) Whether the sentence imposed was harsh and excessive?

(5) Citation to the case (if you know):   People v. Stahl, 28 N.Y.3d 1127 [NY Dec. 2, 2016]

(6) Grounds raised:   SEE ATTACHED*

Reconsideration Denied People v. Stahl, 29 N.Y.3d 1001 [NY April 12, 2017]

(h) Did you file a petition for certiorari in the United States Supreme Court?   ☑ Yes   ☐ No

If yes, answer the following:

(1) Docket or case number (if you know):   17-78

(2) Result:   Denied

(3) Date of result (if you know):   10/02/2017

(4) Citation to the case (if you know):   Stahl v. NY, ___ S.Ct___, 2017 WL303, 6755 (2017)

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?   ☑ Yes   ☐ No

11. If your answer to Question 10 was "Yes," give the following information:

(a)   (1) Name of court:   County Court of Essex County

(2) Docket or case number (if you know):   Indictment No. 11-036-I

(3) Date of filing (if you know):   03/22/2014

(4) Nature of the proceeding:   Motion to vacate judgment of conviction

(5) Grounds raised:   1) Ineffective assistance of counsel; and

2) Failure to knowingly, ingelligently and voluntarily waive his right to trial by jury

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes   ☑ No

(7) Result:   Denied

(8) Date of result (if you know):   12/08/2014

**(Attachment for Page 4, question 9-g-6)**

1) Whether the trial court erred in it's review of the underlying facts of appellant's Criminal Procedure Law § 440 Motion?

2) Whether appellant received ineffective assistance of counsel?

3) Whether appellant could have waived his right to a jury trial when he was unaware of a conflict of interest?

4) Whether appellant was denied his right to be present at the Grand Jury Proceeding?

5) Whether the prosecutor's lack of fair dealing undermined the integrity of the proceedings?

6) Whether appellant was denied his right to confront adverse witnesses?

7) Whether the judgment of conviction was supported by legally sufficient evidence?

AO 241
(Rev. 01/15)

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court:   New York State Court of Appeals

(2) Docket or case number (if you know):

(3) Date of filing (if you know):   01/12/2017

(4) Nature of the proceeding:   Application to reconsider

(5) Grounds raised:   The determination that a Hearing was not necessary --- where the trial court

issued a 34--age Decision and Order that made specific Findings of Fact --- violated

defendant's due process rights.

Additionally, defendant could not have validly waived his right to a jury trial where he was

unaware of the serious acrimony between his defense counsel and the trial court.

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes   ☑ No

(7) Result:   Denied

(8) Date of result (if you know):   04/12/2017

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

AO 241
(Rev. 01/15)

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

    ❑  Yes    ❑  No

(7) Result: _____

(8) Date of result (if you know): _____

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application,

or motion?

    (1)  First petition:    ❑  Yes    ❑  No

    (2)  Second petition:    ❑  Yes    ❑  No

    (3)  Third petition:    ❑  Yes    ❑  No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

_____

_____

12.    For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

    **CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

**GROUND ONE:**  Evidentiary Hearing should be granted to determine if petitioner received effective

assistance of counsel

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

SEE ATTACHED * (see attached Appellant's Briefs)

_____

_____

_____

_____

_____

_____

(b) If you did not exhaust your state remedies on Ground One, explain why:

_____

_____

_____

_____

_____

_____

**(Attachment for Page 6, question 12-a)**

In the case at bar, petitioner demonstrated that he was improperly denied a Hearing concerning his allegations of ineffective assistance of counsel (R-11-38, 513-529). Specifically: Dr. Brown indicated he was ready and able to testify as a witness on petitioner's behalf, but was never called; defense counsel Barrett failed to move for Judge Meyer's recusal; defense counsel Barrett failed to reveal that a potential conflict existed between he and Judge Meyer; and defense counsel Barrett's failure to move for withdrawal of the Waiver of Jury Trial (R-11-38, 513-520).

New York Criminal Procedure Law § 440.30 [4] [a-d] permits the trial court to deny an Evidentiary Hearing if: the moving papers do not allege any grounds constituting a legal basis; or the Motion is based upon the existence or occurrence of facts and the moving papers do not contain sworn allegations substantiating or tending to substantiate all the essential facts; or an allegation of fact essential to support the Motion is conclusively refuted by unquestionable documentary proof; or an allegation of fact essential to support the Motion is contradicted by a court record or other official document or is made solely by the defendant and is unsupported by any other affidavit or evidence,

and there is no reasonable possibility that such allegation is true.

None of the above are applicable to this case. First, there is a legal basis for the Motion, namely, ineffective assistance of counsel and the invalid waiver of a jury trial (R-40-507). Second, the Motion was supported by sworn allegations tending to support the essential facts (R-40-507). Third, no documentary proof or factual allegations were supplied by the prosecution negating the allegations (R-513-617). Finally, no allegation of fact was negated by an official document (R-513-617).

Instead, the allegations were refuted, without a Hearing, by the extremely interested Judge Meyer (R-8-39). His interest is demonstrated by the great pains he took to justify why he did not need to recuse himself (R-8-31). Judge Meyer's claims regarding the Motion as "false, speculative, conclusive, and mischaracterized" were simply untrue (R-11). Judge Meyer, in a thirty-three-page Decision and Order, denied the Motion (R-6-39). Judge Meyer then elected to make a series of Findings of Fact, which were not made with the benefit of a Hearing, to support his denial (R-11-38).

It is important to note that The People did not dispute the alleged facts in petitioner's Criminal Procedure Law Article 440

Motion, and as such, they should have been deemed admitted (R-11-38).

The failure to call Dr. Brown to testify at trial was not supported by any strategic legal reason (R-65, 68, 72, 117-133, 326-328, 370-452). The defense team's purported reason for not calling Dr. Brown---that it would have "backfired" if he testified about the level of Xanax found in the wine glass---was unreasonable (R-65, 70, 73, 76-80). Brown's proposed testimony would have revealed that the combination of alcohol and Xanax in CC's central nervous system would have led to a "blankout" in which CC was possibly a willing participant in sexual activity with petitioner (R-77-80). Such testimony would have been significant in proving petitioner's affirmative defense that CC was not physically helpless at the time of their interaction (R-77-80). Therefore, this Court should review this issue due to the litany of errors by defense counsel Barrett in the aftermath of his dismissal from representing Scaringe (R-63-67, 68-74, 82, 138-139, 141-142, 150-151, 155-156, 190-200, 290-313, 488, 492-493), and counsel's failure to call Dr. Brown as it cannot be said that a petitioner receives meaningful assistance of counsel when a witness who can establish an affirmative defense is not called as a witness at trial (R-80).

AO 241
(Rev. 01/15)

(c)   **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?   ☑ Yes   ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

_____

_____

_____

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes   ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:   Motion to Vacate Judgment; CPL Article 440

Name and location of the court where the motion or petition was filed:   County of Essex, County Court,

Elizabethtown, New York

Docket or case number (if you know):   Indictment No. 11-036-I

Date of the court's decision:   12/08/2014

Result (attach a copy of the court's opinion or order, if available):   See Record on Appeal AD #107363

_____

(3) Did you receive a hearing on your motion or petition?   ☐ Yes   ☑ No

(4) Did you appeal from the denial of your motion or petition?   ☑ Yes   ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☑ Yes   ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:   New York State Supreme Court,

Appellate Division, Third Department, Albany, New York

Docket or case number (if you know):   AD #107363

Date of the court's decision:   06/12/2016

Result (attach a copy of the court's opinion or order, if available):   Appeal Denied

People v. Stahl, 141 A.D.3d 962 [3rd Dept., 2016]

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

_____

AO 241
(Rev. 01/15)

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One:    Direct Appeal, CPL Article 440 Appeal; Writ of Certiorari

**GROUND TWO:**              Petitioner denied right to confront adverse witnesses

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

SEE ATTACHED* (see also attached Appellant's Briefs)

(b) If you did not exhaust your state remedies on Ground Two, explain why:

(c)    **Direct Appeal of Ground Two:**

   (1) If you appealed from the judgment of conviction, did you raise this issue?        ☑ Yes       ☐ No

   (2) If you did <u>not</u> raise this issue in your direct appeal, explain why:

(d)    **Post-Conviction Proceedings:**

   (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

        ☐ Yes    ☑ No

   (2) If your answer to Question (d)(1) is "Yes," state:

   Type of motion or petition:

   Name and location of the court where the motion or petition was filed:

   Docket or case number (if you know):

   Date of the court's decision:

**(Attachment for Page 8, Ground 2, question a)**

   In the case at bar, Pasqualino, indicated that she analyzed "raw data," but also stated that she relied on others to receive such information (1005-1007). Pasqualino suggested that she checked technicians work once it was completed, but acknowledged that she was not present when technicians extracted DNA (1005-1007). Pasqualino admitted that she relied on the documentation of the person doing the actual DNA extraction to provide accurate information for the worksheets she utilized (1007). She stated, "Well they [the technicians] perform the actual extraction procedure. Then the quantification and amplification. When all the lab work is done it's my turn to analyze the data" (1008). Pasqualino further admitted that she relied on the accuracy of the technicians for a valid result to be obtained (1011). As such, Pasqualino relied on a technician to do the extraction procedure, the quantification (determining the amount of DNA), and the amplification (copying the 13 regions of DNA) (1011). That type of testing involves human judgment in the editing process, and petitioner was denied his right to confront witnesses against him by not being permitted to cross-examine those technicians (1005-1008, 1011-1012).

   Pasqualino added that another technician runs the sample on a genetic analyzer, and the data that comes from that instrument

is what she used in her personal analysis (1012). Again, the work of the genetic analyzer involved human judgment, and petitioner was denied his right to confront that technician (1012) (John, supra at 310-311). While Pasqualino later indicated that the raw data she interpreted was not solely from a genetic analyzer instrument, she also admitted that the extraction and amplification information was the work of others, and that she did not recreate that work (1030-1031, 1036-1037). As such, given Pasqualino's ambiguous responses she did not satisfy the requirements of People v. John (27 N.Y.3d 294, 310-311, 315) (1003, 1005-1007, 1010-1011, 1028, 1030, 1036-1037).

AO 241
(Rev. 01/15)

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(3) Did you receive a hearing on your motion or petition?　　　　　　❑ Yes　　❑ No

(4) Did you appeal from the denial of your motion or petition?　　　　❑ Yes　　❑ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?　❑ Yes　❑ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

_____

(e)　　**Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Two : Direct Appeal; Writ of Certiorari

_____

_____

_____

**GROUND THREE:**　　　Petitioner could not have knowingly, voluntarily, and intelligently waived his

right to trial by jury

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

SEE ATTACHED * (see also attached Appellant's Briefs)

_____

_____

_____

_____

_____

_____

**(Attachment for Page 9, Ground 3, question a)**

In this case, petitioner could not validly waive his right to a jury trial when he was unaware of the festering acrimony between defense counsel Barrett and Judge Meyer (R-68-69, 72, 83). The relationship between Barrett and Judge Meyer affected almost every aspect of defendant's trial. Specifically: defense counsel Barrett's failure to move for Judge Meyer's recusal; defense counsel Barrett's failure to reveal the conflict between he and Judge Meyer; and defense counsel Barrett's failure to seek withdrawal of the Waiver of Jury Trial after his relationship with Judge Meyer soured (R-68-69, 72, 82).

Judge Meyer's deteriorating relationship with defense counsel created an actual bias that was too high to be Constitutionally tolerable (R-13-38). He denied petitioner's ineffective assistance claims within his Criminal Procedural Law Article 440 Motion without an Evidentiary Hearing, which were claims that directly tied Judge Meyer to defense counsel Barrett's actions (R-13-38).

Judge Meyer's interest is demonstrated by the great pains he took to justify why he did not need to recuse himself in his 33-page Fact-Finding Decision (R-13-38). Judge Meyer's findings included that: his relationship with Scaringe was one of acquaintance, not a close personal one; that the allegations that he spoke with Barrett during defendant's proceedings about

Scaringe's case, and that he offered to testify as a witness on Scaringe's behalf, were untrue; that, while he sent a fax to Barrett containing a recent Court of Appeals Decision on speedy trial issues, he had no knowledge then, or at the time of the Decision, whether the case was useful or relevant to Scaringe's case, or whether Barrett ever filed a Speedy Trial Motion on Scaringe's behalf; that when a judge renders a Decision in a high profile or well-known case, his or her chambers and the court clerk are often asked for a copy of that Decision; that the assertion that he was mad at Barrett for being removed as counsel for Scaringe was untrue, speculative, and without factual basis; that he did not find Barrett's Speedy Trial Motion timely in the instant matter; that he was unaware of Barrett's withdrawal or discharge as Scaringe's counsel, other than that he was no longer involved; that Dr. Brown's opinion that the victim was possibly a willing participant would not have been admissible at trial on the grounds that the opinion was speculative; and that the instant Motion primarily rested on a false premise (R-13-38).

It is important to note that, however, the aforementioned facts were no longer in question when the Motion came before Judge Meyer because the prosecution failed to contest any of the facts contained in the Motion, and as such, they were deemed admitted (Gruden, supra at 216). Had Judge Meyer not felt the need to

conduct his own self-serving Fact-Finding, an Evidentiary Hearing would have been granted.

(b) If you did not exhaust your state remedies on Ground Three, explain why: _____

_____

_____

_____

(c)   **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?   ☑ Yes   ☐ No

(2) If you did not raise this issue in your direct appeal, explain why: _____

_____

(d)   **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes   ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:   Motion to vacate judgment; CPL 440

Name and location of the court where the motion or petition was filed:  County of Essex, County Court

Elizabethtown, New York

Docket or case number (if you know):   Indictment No. 11-036-I

Date of the court's decision:   12/08/2014

Result (attach a copy of the court's opinion or order, if available):   SEE RECORD ON APPEAL  AD #107363

_____

(3) Did you receive a hearing on your motion or petition?   ☐ Yes   ☑ No

(4) Did you appeal from the denial of your motion or petition?   ☑ Yes   ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☑ Yes   ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:   New York State Supreme Court,

Appellate Division, Third Department, Albany, New York

Docket or case number (if you know):   AD #107363

Date of the court's decision:   06/21/2016

Result (attach a copy of the court's opinion or order, if available):   Order denying motion affirmed.

People v. Stahl, 141 A.D.3d 962 [3rd Dept., 2016]

_____

_____

AO 241
(Rev. 01/15)

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Three:   Writ of Certiorari _____

_____

**GROUND FOUR:**  Petitioner denied his right to be present at Grand Jury proceeding _____

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

SEE ATTACHED * (see also attached Appellant's Briefs) _____

_____

_____

_____

_____

_____

_____

(b) If you did not exhaust your state remedies on Ground Four, explain why:    _____

_____

_____

_____

(c)    **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☑ Yes    ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:    _____

_____

(d)    **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes    ☑ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:    _____

**(Attachment for Page 11, Ground 4, question a)**

Petitioner requested on September 13, 2010, to appear before the Grand Jury (37a). That Notice, pursuant to the purpose of New York's Criminal Procedure Law §190.50 [5]---to allow individuals who give timely Notice the opportunity to testify before a Grand Jury vote---was sufficient to alert the People that petitioner intended to appear for the June 29, 2011, Grand Jury proceedings (37a). The fact that petitioner did not appear at the June 29, 2011, proceedings should not be held against him considering the Record was not clear as to whether defense counsel received a timely notice by the prosecution of re-presentment (37a-41a, 43a-47a). As such, petitioner was denied his constitutional right to be present at the grand jury proceeding (28 U.S.C. § 2254 [d] [2]).

AO 241
(Rev. 01/15)

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(3) Did you receive a hearing on your motion or petition?                  ☐ Yes     ☐ No

(4) Did you appeal from the denial of your motion or petition?            ☐ Yes     ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☐ Yes     ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

_____

_____

_____

(e)   **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Four:     Writ of Certiorari

_____

_____

_____

_____

_____

_____

_____

AO 241
(Rev. 01/15)

**GROUND** FIVE **:**  Whether prosecutors lack of fair dealings undermined the integrity of the proceedings against Petitioner.

(a) **Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):**

**SEE ATTACHED * (see also attached Appellant's Briefs)**

(b) **If you did not exhaust your state remedies on Ground** Five **, explain why:**

(c)  **Direct Appeal of Ground** Five **:**

(1) If you appealed from the judgment of conviction, did you raise this issue?   ☑ Yes   ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d)  **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes   ☑ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

**(Attachment for Page 12-1, Ground 5, question a)**

Here, this Court should review whether the prosecutor's lack of fair dealing undermined the integrity of the Grand Jury proceedings. The prosecutor did not correct CC's testimony that petitioner did not respond to her Facebook messages when, it was known to the prosecutor that petitioner did in fact respond to such messages (252-255, 334-342, 1234, 1584-1586). Even more alarmingly, the prosecutor implied to the Grand Jury that Xanax was in a wine glass purportedly used by CC on the night in question even when the prosecutor knew that the glass actually contained no trace of any drug (379, 387, 1217, 1587, 1589, 1756-1758).

The trial court stated that it was "very troubled" that the People did not provide such evidence because it encouraged the Grand Jury to infer that CC drank from the glass that Kirstyn Quinn claimed had pill remnants inside of it (1232, 1589). The trial court further emphasized its discomfort with the prosecutor's failure to disclose the Report indicating that the wine glass did not have a trace of drug in it where the Grand Jury explicitly asked if there were two wine glasses used on the night in question (1229-1230, 1588-1589, 1757).

Moreover, while the trial court held that the prosecutor's failure did not rise to the level of the failure to provide a fair case, the proper focus should have been on whether the prosecutor's

omissions were contrary to her duty of fair dealing and candor, and whether it impaired the integrity of the proceedings (387, 1217, 1232).

Here, despite Toxicologist Labay indicating that she did not test for the quantity of drugs in CC's system, the prosecutor claimed that CC had a "high level" of Xanax in her system (1102). The prosecutor also stated "the record is clear, [CC] does not remember. She was unconscious" (1105). CC, however, never stated that she was unconscious, only that she could not remember (222, 1105). Such a statement was designed to confuse, and encourage logistical leaps not supported by the evidence (22, 1105).

Despite such conduct, defense counsel failed to object, which deprived petitioner of meaningful assistance of counsel. Further, defense counsel's failure to object, when faced with a pattern of misstatements during the prosecutor's summation had no strategic explanation and deprived petitioner of his right to a fair trial (222, 1105).

AO 241
(Rev. 01/15)

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(3) Did you receive a hearing on your motion or petition?                                ❏ Yes        ❏ No

(4) Did you appeal from the denial of your motion or petition?                          ❏ Yes        ❏ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ❏ Yes        ❏ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

_____

_____

(e)  **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Five:     Writ of Certiorari

_____

_____

_____

_____

_____

_____

_____

**AO 241**
**(Rev. 01/15)**

**GROUND** SIX : Whether the judgment of conviction is supported by the sufficiency of the evidence.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

**SEE ATTACHED * (see also attached Appellant's Briefs)**

(b) If you did not exhaust your state remedies on Ground Six , explain why:

(c)      **Direct Appeal of Ground** Six :

(1) If you appealed from the judgment of conviction, did you raise this issue?      ☑ Yes      ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d)      **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes      ☑ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

**(Attachment for Page 12-3, Ground 6, question a)**

Here, the judgement of conviction was not supported by legally sufficient evidence (71, 95, 222-223, 233, 392, 459, 522-523, 540-541, 547-550, 600, 604-605, 612, 650-652, 661, 663, 689, 702, 763-764, 779, 804, 823, 841-842, 952, 1064, 1177, 1183).

CC testified that she met petitioner in January of 2009 (168-169). They became close friends, smoking marijuana together and "hanging out" often (280, 287). While they never "dated," their relationship became sexual in March of 2009 (171-172, 280, 286). By November of 2009, however, petitioner's visits tapered to about one a week (186).

Around 9:00 p.m., on January 15, 2010, CC arrived at her apartment after work (189). She poured herself three-quarters of a stem-glass of wine, drank about half, and put the glass on the counter (190-193). She was menstruating, so she changed her tampon (392, 422). She did not remember changing her tampon again that night (392, 422). She then went out to a bar and consumed two drinks, leaving at 11:30 p.m. (202, 350, 352).

When she arrived back at her apartment, petitioner and his dog greeted her (205-206, 359). She continued drinking her wine from before she left for the bar (209-210). Petitioner asked her if she wanted to take a Xanax, and she declined (216, 246). At 12:20 a.m., she decided to go with petitioner to his trailer (219-

220, 357, 360). Her next memory was waking up in her apartment the following morning (222-223, 234).

In regard to the element of "physical helplessness," the State failed to prove that CC was actually unconscious during the alleged sexual contact (1177, 1181, 1183). Lauren Alles (DW No. 7), at 2:30 a.m., saw CC in petitioner's vehicle with petitioner's dog (1177). Alles spoke to CC who seemed coherent, able to speak, and not in any type of distress (1183). The morning after the alleged incident, CC was able to communicate with Nurse Paine (PW No. 6), her friends, and demonstrated the ability to recall by speaking with the police (459, 473, 600, 803, 952).

Similarly, the State failed to prove that penetration occurred (522, 547-549). There was no trauma to CC's vagina (520-521). It also must be stressed that CC wore a tampon at the time of the alleged encounter (392, 540-541). While penetration would still be possible, it was not supported by CC's tampon (604-605). CC was able to remove her tampon without difficulty and provide it to Nurse Paine (PW No. 6), who did not find that it was oddly shaped or pushed together as if it had been hit with a penis (604-605). Furthermore, only the tampon string tested positive for the presence of sperm, that string only sat in CC's underwear, thus not demonstrating penetration (95, 702, 706).

Sperm was also detected in CC's cervix, but that sperm could not be definitively linked with petitioner (689, 1064). CC had a boyfriend at the time of the incident which could account for such sperm (217-218).

AO 241
(Rev. 01/15)

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(3) Did you receive a hearing on your motion or petition?                    ☐ Yes    ☐ No

(4) Did you appeal from the denial of your motion or petition?               ☐ Yes    ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☐ Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

_____

_____

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Six:     **Writ of Certiorari** _____

_____

_____

_____

_____

_____

_____

_____

AO 241
(Rev. 01/15)

13.     Please answer these additional questions about the petition you are filing:

(a)     Have all grounds for relief that you have raised in this petition been presented to the highest state court

having jurisdiction?     ☑ Yes          ☐   No

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not

presenting them: _____

_____

_____

_____

(b)     Is there any ground in this petition that has not been presented in some state or federal court?  If so, which

ground or grounds have not been presented, and state your reasons for not presenting them:

_____

_____

14.     Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction

that you challenge in this petition?     ☑     Yes          ☐   No

If "Yes," state the name and  location of the court, the docket or case number, the type of proceeding, the issues

raised, the date of the court's decision, and the result for each petition, application, or motion filed.  Attach a copy

of any court opinion or order, if available.     SEE ATTACHED * (lettter denying writ of certiorari)

_____

_____

_____

_____

_____

_____

_____

15.     Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for

the judgment you are challenging?     ☐   Yes     ☑ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues

raised. _____

_____

_____

_____

_____

_____

AO 241
(Rev. 01/15)

16.     Give the name and address, if you know, of each attorney who represented you in the following stages of the

judgment you are challenging:

(a) At preliminary hearing:   1) Brian P. Barrett, Esq., 72 Olympic Dr., Lake Placid, NY 12946;

2) Kimberly Beth Rivellini, Esq., Clearwater, FL; 3) Denis M. DeVlaming, Esq., Clearwater, FL

(b) At arraignment and plea:   1) Brian P. Barrett, Esq., 72 Olympic Dr., Lake Placid, NY 12946;

2) Kimberly Beth Rivellini, Esq., Clearwater, FL; 3) Denis M. DeVlaming, Esq., Clearwater, FL

(c) At trial:        1) Brian P. Barrett, Esq., 72 Olympic Dr., Lake Placid, NY 12946;

2) Kimberly Beth Rivellini, Esq., Clearwater, FL; 3) Denis M. DeVlaming, Esq., Clearwater, FL

(d) At sentencing:   1) Brian P. Barrett, Esq., 72 Olympic Dr., Lake Placid, NY 12946;

2) Kimberly Beth Rivellini, Esq., Clearwater, FL; 3) Denis M. DeVlaming, Esq., Clearwater, FL

(e) On appeal:       John A. Cirando, Esq., 101 S. Salina St., Ste. 1010, Syracuse, NY 12302

(f) In any post-conviction proceeding:

John A. Cirando, Esq., 101 S. Salina St., Ste. 1010, Syracuse, NY 12302

(g) On appeal from any ruling against you in a post-conviction proceeding:

John A. Cirando, Esq., 101 S. Salina St., Ste. 1010, Syracuse, NY 12302

17.     Do you have any future sentence to serve after you complete the sentence for the judgment that you are

challenging?        ☐ Yes    ☑ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the

future?        ☐ Yes    ☑ No

18.     TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain

why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

AO 241
(Rev. 01/15)

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in

part that:

(1)     A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in
        custody  pursuant to the judgment of a State court.  The limitation period shall run from the latest of -

        (A)     the date on which the judgment became final by the conclusion of direct review or the expiration
                of the time for seeking such review;

        (B)     the date on which the impediment to filing an application created by State action in violation of
                the Constitution or laws of the United States is removed, if the applicant was prevented from
                filing by such state action;

        (C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court,
                if the right has been newly recognized by the Supreme Court and made retroactively applicable to
                cases on collateral review; or

        (D)     the date on which the factual predicate of the claim or claims presented could have been
                discovered through the exercise of due diligence.

(2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief:    **Release from custody**

or any other relief to which petitioner may be entitled.

Signature of Attorney (if any)

John A. Cirando, Esq.
Bar Roll No. 103104

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct ~~and that this Petition for~~ ~~Writ of Habeas Corpus was placed in the prison mailing system on~~ xxxxxxxxxxxxxxxxxxx (month, date, year).

Executed (signed) on    11/27/17    (date).

Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.